IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
GAINESVILLE DIVISION

STUART DELANCEY,

      Petitioner,

v.                                          CASE NO. 1:12-cv-216-MP-GRJ

SECRETARY, DEP'T OF CORRECTIONS,

      Respondent.

_____/

# O R D E R

This matter is before the Court on Doc. 9, Petitioner's "Motion for Leave and Order of Abatement."  Petitioner asserts that at the time that he filed his petition under 28 U.S.C. § 2254, he believed that he had exhausted his state remedies because he had been denied relief by the Florida Supreme Court.  Petitioner states that after he filed his § 2254 petition, the Public Defender's Office informed him that it would represent him in petitioning the United States Supreme Court for a writ of certiorari. Petitioner requests that the Court stay the proceedings in his § 2254 case until Supreme Court review has concluded.  The Court directed Respondent to file a response to the motion, Doc. 10, and Respondent advised that it had no objection to the stay as long as Petitioner kept the Court apprised of the status of his petition for certiorari.  (Doc. 11.)  Petitioner has now filed a "Supplemental Certificate of Service" with a copy of his Petition for Writ of Certiorari, filed in the Supreme Court by the Public Defender in Tallahassee, Florida.  (Doc. 12.)

This Court has the authority to stay a habeas proceeding and hold a petition in abeyance pending exhaustion of state remedies only in "limited circumstances."  *Rhines v. Weber*, 544 U.S. 269, 277 (2005).  The Petitioner must show "good cause for his

failure to exhaust" and that "his unexhausted claims are potentially meritorious," and there must be "no indication that the petitioner engaged in intentionally dilatory litigation tactics." *Id*.

The Court finds that in this unusual situation, Petitioner has demonstrated good cause for failure to exhaust, because the Public Defender's Office originally was unwilling to file a petition for writ of certiorari and later changed its mind. Petitioner's unexhausted claims are potentially meritorious, and there is nothing in the record before the Court disclosing that Petitioner has engaged in intentional delay. Finally, the Court notes that Respondent has no objection to a stay in this case.

Accordingly, it is **ORDERED** that:

Petitioner's motion for abatement, Doc. 9, is **GRANTED**. This case is stayed pending resolution of Petitioner's petition for writ of certiorari in the Supreme Court of the United States. Petitioner must update the Court immediately upon receipt of information regarding the status of his petition for writ of certiorari.

**DONE AND ORDERED** this 2nd day of April 2013.

*s / Gary R. Jones*

GARY R. JONES
United States Magistrate Judge